OPINION
{¶ 1} John Collins was charged with driving under the influence of alcohol (DUI) and driving under suspension (DUS). After his motion to suppress was overruled, Collins pleaded no contest to the charges. The trial court found Collins guilty and disposed of the cases accordingly. On appeal, Collins asserts two assignments of error, which implicate the issues raised by the motion to suppress.
 {¶ 2} "1. THE TRIAL COURT ERRED BY OVERRULING THE SUPPRESSION MOTION WHEN THE OFFICER LACKED REASONABLE SUSPICION OF WRONGDOING.
 {¶ 3} "2. THE TRIAL COURT ERRED BY OVERRULING THE SUPPRESSION MOTION BECAUSE THE OFFICER LACKED PROBABLE CAUSE TO ARREST."
 {¶ 4} The trial court rendered a comprehensive decision and entry which finds ample support in the transcript of the suppression hearing, and we reproduce it here in its entirety:
 {¶ 5} "This matter came before this Court to consider Defendant's Motion to Suppress on April 9, 2002. The parties limited the issues for this Court's consideration to the following, to-wit: first, the reasonableness of the stop; and second, whether there was probable cause to justify the arrest of the Defendant for operating a motor vehicle while under the influence of alcohol.
 {¶ 6} "After considering the testimony of the sole witness, Officer Doug Green, this Court makes the following findings of fact, to-wit:
 {¶ 7} "On December 30, 2001 at 4:51 a.m., Officer Doug Green, a six-year veteran of the Springfield Police Division, was traveling southbound on South Burnett Road near the High Street intersection behind the Defendant. Green observed the Defendant's backup lights illuminate on a couple of occasions and heard a grinding sound as though Defendant had thrown his vehicle from first gear into reverse. As Green continued to follow the Defendant, he observed the Defendant increase his speed and begin weaving within his lane of travel. Green paced the Defendant at 52 miles per hour in a 35 mile per hour zone and observed the Defendant straddling the broken white lane divider of the southbound curb lane for approximately 300 feet. Green executed a stop of the Defendant just south of the Sheridan Avenue intersection.
 {¶ 8} "Upon approaching the Defendant's vehicle, Green observed the Defendant's eyes to be very bloodshot, that his speech was very slurred, that he was emitting a slight odor of an alcoholic beverage and that he was wearing no pants — merely underwear — despite the fact that it was 12 degrees at that time. The Defendant uttered six numbers in response to Officer Green's inquiry as to his social security number. These six numbers had no relationship to the Defendant's true social security number. The Defendant indicated that he was just driving for a bit and thought that he would be back soon, and then began to mumble inaudibly.
 {¶ 9} "Green, suspecting Defendant of being under the influence of alcohol, directed the Defendant to exit the vehicle, at which time he observed that the Defendant was not wearing any shoes or socks. Accordingly, Defendant was placed in the rear of Green's cruiser, whereupon Green observed a stronger odor of an alcoholic beverage coming from the Defendant. At that time, Green discovered that Defendant was driving under a D.U.I. suspension and took the Defendant to the Clark County Jail for purposes of directing the Defendant to perform some field sobriety tests away from the elements of the outdoors. Officer Green reached an opinion that the Defendant was under the influence of alcohol. At the jail, the Defendant declined the invitation to perform any field sobriety tests or to take the breath test, at which time the Defendant was read B.M.V. form 2255 and placed under arrest for Driving Under the Influence of Alcohol.
 {¶ 10} "Upon consideration, the court finds that the Defendant was properly stopped for Speeding and a Marked Lanes violation in this case. Thereafter, the Defendant exuded sufficient indicia of his impairment to justify his arrest for Operating a Motor Vehicle While Under the Influence of Alcohol.
 {¶ 11} "For the foregoing reasons, Defendant's Motion to Suppress is not well taken and is OVERRULED."
 {¶ 12} The trial court determined that the traffic stop was justified because Officer Green observed a "marked lanes" violation and speeding.
 {¶ 13} Collins appears to question the marked lanes violation because Officer Green cited him for left of center rather than for a marked lanes violation. He does not question the testimony of the officer, which satisfied the trial court that Collins committed a marked lanes violation. In our judgment, as long as the evidence established a marked lanes violation, it matters not that Collins was mistakenly cited for left of center.
 {¶ 14} Collins questions the speeding violation because Officer Green was not formally schooled in pacing vehicles and had not checked his speedometer for accuracy immediately before or after the stop. In our judgment, both of these perceived deficiencies go to the weight to be accorded the evidence rather than its competence. Furthermore, for purposes of justifying the stop, the State was not required to prove a speeding violation beyond a reasonable doubt.
 {¶ 15} The first assignment is overruled.
 {¶ 16} Collins argues that Officer Green lacked probable cause to arrest him for DUI. He appears to find significant that upon approaching Collins, Officer Green detected a slight odor of alcohol and did not testify that he asked Collins if he had been drinking. Officer Green attributed the slight odor of alcohol to the windy conditions. There was no need to ask Collins if he had been drinking.
 {¶ 17} Collins also attaches significance to the fact that Officer Green understood Collins when Collins stated his name and address. While this may be a factor tending to weaken the evidence of probable cause, it is certainly not fatal when considered in conjunction with the other facts surrounding the stop and subsequent interaction of Officer Green and Collins at the scene of the stop. Likewise, it was not fatal to the State's case that Officer Green never categorically characterized the odor of alcohol as "strong."
 {¶ 18} Collins inaccurately represents that as Officer Green was transporting Collins, he "did not observe any negative signs of demeanor, balance, or impairment." When asked about these things, Officer Green simply answered: "I don't recall."
 {¶ 19} Collins complains that he was not given Miranda warnings, but this does not go to the question of whether there was probable cause to arrest him for DUI. Furthermore, the record does not indicate that Collins made any incriminating statements.
 {¶ 20} Finally, Collins contends that the decision to charge him with DUI was only made after he refused to take a breath test and do field sobriety tests. The argument appears to be that the decision to charge Collins with DUI was made on no more evidence than Officer Green possessed at the scene.
 {¶ 21} However, whether to charge Collins with DUI and whether there was probable cause to arrest him for DUI are two different questions. The failure to formally arrest Collins at the scene for DUI may have been because Officer Green had probable cause to arrest Collins for DUS, and because a breath test and/or field sobriety tests may have worked to Collins' advantage had he undergone these procedures.
 {¶ 22} In any event, we conclude that the trial court could have properly concluded that there was probable cause to arrest Collins at the scene of the stop for DUI and that, in any event, there was probable cause to arrest him for DUS.
 {¶ 23} The assignment of error is overruled.
 {¶ 24} The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.